160 So. 241

**JOHNSTON v. WILLINGHAM.**

**2 Div. 55.**

Supreme Court of Alabama.

Feb. 28, 1935.

Rehearing Denied April 4, 1935.

J. F. Aldridge, of Eutaw, for appellant.

Benners, Burr, McKamy & Forman, of Birmingham, for appellee.

**GARDNER, Justice.**

Plaintiff, a cotton broker with a branch office at Eutaw, Ala., operated by one Rose, placed through his correspondent an order at defendant's request on the New York Cotton Exchange for the purchase, at market price, of 300 bales of cotton for December delivery. Upon the transaction being closed, plaintiff had the account to pay, and sued defendant for his reimbursement. The defense is embraced in plea 3, rested upon the theory of negligence of plaintiff in not promptly sending his order to New York.

We are persuaded the trial court correctly ruled that under the evidence no actionable negligence was shown. There was some divergence of view as to the exact time the order was given; that of plaintiff being the order was given and forwarded at 10:28 o'clock a. m., while defendant's testimony places the time at 10:17 or 10:18. All references herein are to Alabama time. But under the undisputed proof this difference was of no material consequence. Orders were placed and executed on the exchange in the order of their call, that is, by the month, and this order had to await the December call. On this particular day there was due the government's market report, causing the exchange to close from 9:55 a. m. to 10:15 a. m.

■■ We have examined the evidence with due care. Its detail discussion would serve no good purpose. Suffice it to say the proof shows the first call for December contracts was completed at 10:19 a. m.; the last transaction on such call having been executed at 10:17. The order here in question having been given, and reached New York after expiration of the first call for December, had to await the second call for December contracts, which began at 10:34. Defendant's contract was executed on the exchange at 10:35, within one minute's time within which it could possibly have been executed, accepting as correct the time the order was given as fixed by defendant. Defendant was a previous customer of plaintiff, knew and understood the fluctuations of the market and that plaintiff was merely forwarding his order for execution on the New York exchange, and must, of course, be held to have conferred upon plaintiff as his broker authority to deal according to well-settled usage in such trade. Clews v. Jamieson, 182 U. S. 461, 21 S. Ct. 845, 45 L. Ed. 1183; Maxwell Planting Co. v. A. P. Loveman & Co., 212 Ala. 229, 102 So. 45.

■ Defendant suggests in brief that, if the order could not be promptly executed, Rose should have disclosed that fact to him. But neither he nor Rose could tell the exact time the order would be executed on the exchange. And, in addition, no such charge is found in the plea which charges plaintiff with a failure to promptly send in the order; as to which charge defendant himself testified "that he knew that Rose sent the order in right away."

But we forego further discussion. Plaintiff proved his account without dispute. Defendant failed to establish his plea of negligence, and the trial court was justified in giving for the plaintiff the affirmative charge.

Let the judgment stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.